UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN C., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 2:21-cv-00294-GZS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|        Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that after the Appeals Council vacated a partially favorable decision of an Administrative Law Judge (ALJ) deeming his physical and mental impairments disabling as of June 17, 2019, and remanded the case for further proceedings, the ALJ erroneously weighed the opinion evidence of record in concluding that he had no severe mental impairment. *See* Statement of Errors (ECF No. 12) at 10-17.[1]  For the reasons that follow, I recommend that the Court affirm the decision.

---

[1] The ALJ found no severe mental impairment post-remand and included no mental limitations in assessing the Plaintiff's residual functional capacity (RFC). *See* Record at 19, 23; 20 C.F.R. § 404.1520a(d) (pursuant to Commissioner's special technique for the evaluation of mental impairments, ALJs will assess a claimant's mental RFC if they determine that the claimant has a medically determinable, severe mental impairment(s) that neither meets or equals a "listing" pursuant to which those mental impairment(s) would be deemed disabling).

1

## I. Background

Following the Appeals Council's July 2020 remand, *see* Record at 102-04, the ALJ issued the decision at issue, *see id.* at 16-31, finding, in relevant part, that the Plaintiff (1) had severe impairments of degenerative disc disease with peripheral neuropathy, muscle spasms in the thoracic spine, and diffuse idiopathic skeletal hyperostosis, *see id.* at 19, (2) retained the RFC to perform light work with brief hourly breaks from standing to sitting and various postural and environmental limitations, *see id.* at 23, (3) could perform jobs existing in significant numbers in the national economy, *id.* at 30, and (4) therefore had not been disabled at any time from his alleged onset date of disability, December 14, 2017, through the date of the post-remand decision, December 29, 2020, *id.* at 31. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765,

769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff contends that, in deeming his mental impairments nonsevere, the ALJ erroneously gave undue weight to a January 2019 opinion of agency nonexamining consultant Mary Alyce Burkhart, Ph.D., and short shrift to an October 2018 report of treating psychotherapist Raymond M. Belicose, Ph.D., L.C.S.W., updated in September 2019, a January 2019 report of agency examining consultant James F. Whelan, Jr., Psy.D., and an April 2019 opinion of agency nonexamining consultant Leigh Haskell, Ph.D., endorsed by agency nonexamining consultant Catherine Blusiewicz, Ph.D. *See* Statement of Errors at 10-17; Record at 59-72, 722-24, 728-32, 811-12, 858-65.

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

Neither an ALJ nor an agency nonexamining consultant whose opinion an ALJ adopts must cite or discuss all potentially relevant evidence of record, nor could they

feasibly do so given the volume of most medical records. *See, e.g.*, *Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016); *Johnson v. Colvin*, No. 1:13-cv-406-DBH, 2014 WL 5394954, at *2 (D. Me. Oct. 21, 2014) ("The plaintiff cites no authority, and I am aware of none, that requires a state-agency reviewer to cite specific entries, presumably by page number, to support his or her conclusion that another medical professional's opinion is inconsistent with data in that professional's report.").

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). Yet, with few exceptions, the Plaintiff does just that, cataloguing contrary evidence not cited by Dr. Burkhart, or by the ALJ in weighing the Burkhart, Belicose, Whelan, and Haskell/Blusiewicz opinions, and proffering different interpretations of the evidence that Dr. Burkhart and the ALJ did cite. *See* Statement of Errors at 11-17. This amounts to an unavailing invitation to the Court to reweigh the evidence.

The Plaintiff's remaining discrete points fall short of warranting remand. The Plaintiff notes that Dr. Burkhart erroneously described Dr. Belicose as unqualified to make psychiatric diagnoses and asserts that, while Dr. Burkhart found that the

4

Plaintiff suffered from depression, she failed to explain why the additional diagnoses made by both Drs. Belicose and Whelan (PTSD, generalized anxiety disorder, and major depressive disorder) were in her view "not supported." *Id.* at 12-13.

Dr. Burkhart did explain that those diagnoses were "not supported in the [Belicose] letter with adequate signs and symptoms, report of impact on functioning and MSE [mental status examination]." Record at 61. And, in any event, any error by Dr. Burkhart in failing to recognize additional mental diagnoses was harmless. Dr. Burkhart cited evidence in support of her key finding that the Plaintiff had no *severe* mental impairment and, hence, no resulting functional limitations, *see id.*, and the Plaintiff fails to show that her acknowledgement of additional diagnoses would have altered that conclusion. *Cf. O'Bannon v. Colvin*, No. 1:13-cv-207-DBH, 2014 WL 1767128, at *7 (D. Me. Apr. 29, 2014) (claimant's failure to demonstrate why evidence unseen by medical experts "would necessarily have altered their opinions in a manner favorable" to him was fatal to his bid for remand on that basis).[2]

---

[2] At oral argument, the Plaintiff's counsel further contended that the ALJ erroneously failed to discuss the supportability of Dr. Burkhart's opinion as required by 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). Counsel for the Commissioner objected that this point was not raised in the Statement of Errors and therefore was waived. *See, e.g.*, *Faye W. v. Berryhill*, No. 1:17-cv-00485-NT, 2019 WL 259435, at *5 (D. Me. Jan. 18, 2019) (rec. dec.) ("Issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court." (cleaned up)), *aff'd*, 2019 WL 489084 (D. Me. Feb. 7, 2019). The Plaintiff's counsel disagreed, noting that the regulation was cited in the Statement of Errors, which analyzed why the ALJ's evaluation was not supported by substantial evidence. Because the Statement of Errors is devoid of any developed argument on this point, it is waived. *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (cleaned up).

5

The Plaintiff also contends that, in discounting both the Whelan report and the Haskell opinion, the ALJ ignored Dr. Whelan's observation that the Plaintiff "lost track of information in short term memory" and "was not stimulable to recover it," which might be "a concentration issue, a memory issue or a combination of both." Statement of Errors at 13-14 (quoting Record at 731). He asserts that this "directly contradicts" the ALJ's finding that "significant deficits in maintaining concentration have not been documented during medical appointments." *Id*. at 14 (quoting Record at 21). Yet, that is not the only reasonable conclusion that could be drawn from that evidence: with the benefit of review of the Whelan report, Dr. Burkhart concluded that the Plaintiff had no severe mental impairment. *See* Record at 61.

In a similar vein, the Plaintiff argues that the ALJ's finding that the Belicose opinion appeared to rely heavily on the Plaintiff's subjective self-report of his symptoms and limitations is contradicted by Dr. Belicose's notation that the Plaintiff's reported difficulty with concentration and focus "could affect his ability to carry out instructions as was *observed* in therapy sessions where information was requested and not received." Statement of Errors at 16 (quoting Record at 724) (emphasis added by Plaintiff). Again, that is not the only reasonable conclusion that could be drawn from this evidence: with the benefit of review of the Belicose opinion, Dr. Burkhart concluded that the Plaintiff had no severe mental impairment. *See* Record at 61.

In any event, even if the ALJ erred in assessing either the Whelan report or the Belicose opinion, his adoption of the Burkhart opinion rendered any such error

harmless. *See Nathaniel-Bishop W. B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *5 n.5 (D. Me. Sept. 12, 2021) (rec. dec.) (any error by ALJ in interpreting medical evidence harmless where ALJ relied on expert who considered the same evidence), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 13, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge